IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00796-RPM

CAROLINA CASUALTY INSURANCE COMPANY.

    Plaintiff,

v.

MOUNTAIN STATES HOTSHOT, LLC, and
JON D. Brach,

    Defendants/Counterclaimants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING DEFENDANTS' COUNTERCLAIMS

Plaintiff Carolina Casualty Insurance Company ("CCIC") insured defendant Mountain States Hotshot, LLC ("Mountain States") under commercial automobile insurance Policy. No. 362205 (the "Policy"), effective May 26, 2014 through May 26, 2015. On Friday, October 17, 2014, defendant Brach was operating his personally owned 2008 Big Dog motorcycle (the "Motorcycle") when he was involved in a traffic accident in Grand Junction, Colorado. At that time, Brach was a member and employee of Mountain States. For purposes of this Order, the Court will assume that Brach was not at fault for the accident and that he was engaged in Mountain States business at the time of the accident.

After exhausting his personally held uninsured/underinsured motorist coverage ("UM/UIM") benefits, Brach and Mountain States sought coverage under the Policy issued by CCIC. The Policy, as written, does not afford coverage to Brach and Mountain States accordingly denied UM/UIM benefits to the defendants.

1

CCIC filed this action on April 15, 2015, seeking a declaration that the Policy does not provide UM/UIM coverage or any other benefits or coverage to Brach as a result of the October 17, 2014 accident. Defendants filed an Answer with counterclaims on May 7, 2015, seeking reformation of the Policy such that Brach is made an insured under the liability portion of the Policy and that he therefore must also be deemed an insured for UM/UIM benefits pursuant to *Aetna Cas. & Sur. Co. v. McMichael*, 906 P.2d 92, 98–99 (Colo. 1995). Defendants also brought counterclaims of breach of contract, bad faith breach of insurance contract, and unreasonable denial of claim for UM/UIM benefits pursuant to C.R.S §§10-3-1115 and 10-3-1116. Federal jurisdiction is based on diversity of citizenship. The substantive law of Colorado governs this dispute.

The Policy provides separate and distinct liability and UM/UIM coverages, subject to certain terms, conditions and limitations. Policy coverage for both types of coverage extends only to the relevantly defined "insured" who is occupying or using those "Covered Autos" that are designated by the Covered Auto Symbols in Item Two of the Declarations ("Schedule of Coverages and Covered Autos") and the vehicles owned by Mountain States listed in Item Three of the Declarations ("Schedule of Covered Autos You Own").

Liability coverage under the Policy is limited to those "Covered Autos" designated by the following Covered Auto Symbols: (1) Symbol no. 67 ("Specifically Described Autos"); (2) Symbol no. 68 ("Hired Autos Only"); and (3) Symbol no. 71 ("Non-owned Autos Only"). UM/UIM coverage is limited to those Covered Autos designated by Covered Auto Symbol 67. Item Three in the Declarations of the Policy is entitled "Schedule of Covered Autos You Own" (the "Schedule of Covered Autos") and lists those vehicles for which coverage is afforded under Covered Auto Symbol no. 67. The Schedule of Covered Autos lists forty-nine

2

commercial vehicles, primarily pickups, tractor trucks and semitrailers, and a premium charge is reflected for each of the vehicles listed. Defendant Brach's Motorcycle is not listed in the Schedule of Covered Autos and is not covered under Symbol no. 67. No premium was charged for the Motorcycle under the Policy.

To summarize, pursuant to the Policy terms, there is liability coverage for autos with symbols 67, 68, and 71 and there is UM/UIM coverage only for autos with symbol 67.

The Policy contains a Motor Carrier Coverage Form, no. CA 00 20 10 13, which provides the definitions of the applicable Covered Auto Symbols:

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| * * * | | |
| 67 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage "trailers" you don't own while attached to any power unit described in Item Three). |
| 68 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "private passenger type" "auto" you lease, hire, rent or borrow from any member of your household, any of your "employees", partners (if you are a partnership), members (if you are a limited liability company), or agents or members of their households. |
| * * * | | |
| 71 | Non-owned "Autos" only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "private passenger type" "autos" owned by your "employees" or partners (if you have a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |
| * * * | | |

The Motor Carrier Coverage Form sets forth the terms and conditions under which Liability coverage is provided under the Policy:

> **Section II - Covered Autos Liability Coverage**
> **A. Coverage**
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

The Motor Carrier Coverage Form defines an "Insured" for the liability coverage afforded under the Policy as follows:

3

> 1. **Who Is An Insured**
> The following are "insureds":
>    a. You for any covered "auto".
>    b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>      (1) The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".
>      **(2) Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.**
>      (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
>      (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company), a lessee or borrower of a covered "auto" or any of their "employees", while moving property to or from a covered "auto".
>      **(5) A partner (if you are a partnership), or member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.**
>
> \* \* \*

(emphasis added).

Brach is not an "insured" under the Policy's liability coverage because of exceptions (2) and (5).

The terms and conditions of the UM/UIM coverage afforded under the Policy are set forth in the Colorado Uninsured Motorists Coverage – Bodily Injury Form, no. CA 21 50 10 13 ("Uninsured Motorists Coverage Form"), which provides:

> 1. **Who Is An Insured**
> If the Named Insured is designated in the Declarations as:
>
> \* \* \*
>
>    a. A partnership, limited liability company, corporation or any other form of organization, then the following are insureds:
>      (1) Anyone "occupying" or using a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>      (2) Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Under the Policy, a "Covered Auto" for UM/UIM coverage is limited to those vehicles encompassed by Covered Auto Symbol no. 67. Because Brach's Motorcycle is not a covered auto under Symbol no. 67, Brach is not an "insured" under the Policy's UM/UIM coverage.

4

Because defendant Brach is also not an "insured" under the Policy's liability coverage, this Court has no basis to reform the Policy to afford Brach UM/UIM coverage under the principle recognized in *McMichael* that insurers must offer UM/UIM coverage to a class of individuals coextensive with the class covered by the liability provision of the respective policy." *Id.*, 906 P.2d at 98.

Because this Court holds that the Policy does not provide UM/UIM coverage to Brach, defendants' counterclaim for breach of contract fails as a matter of law. CCIC could not have breached the Policy by declining to pay UM/UIM coverage to Brach when no such coverage exists under the Policy. Defendants' counterclaims for common law bad faith and statutory bad faith also fail as a matter of law. It is established law in Colorado that a bad faith claim must fail where coverage was properly denied and the only claimed damages flow from the denial of coverage. *Markwest Hydrocarbon, Inc. v. Liberty Mutual Ins. Co.*, 558 F.3d 1184, 1192-1192 (10th Cir. 2009) (applying Colorado law).

Accordingly, it is

ORDERED that the plaintiff's motion for summary judgment, Doc. 27, is GRANTED; and it is further

ORDERED that defendants' operative counterclaims, Doc. 24, are DISMISSED.

DATED:   February 1, 2016

BY THE COURT:

Richard P. Matsch
Senior District Judge